# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EMMANUEL R. HAMILTON**
        **Petitioner,**

    **v.**                                                          **Case No. 08-C-1007**

**MICHAEL THURMER**
        **Respondent.**

## DECISION AND ORDER

Petitioner Emmanuel R. Hamilton has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, his petition will be denied.

### I. BACKGROUND

On March 16, 2005, based on his pleas of guilty, Hamilton was convicted in Milwaukee County Circuit Court of four counts of forcible armed robbery, one count of first-degree reckless injury by use of a dangerous weapon, and one count of first-degree reckless endangering safety by use of a dangerous weapon. He was sentenced to an effective total of twenty-five years' initial imprisonment to be followed by twenty-four years' extended supervision.

Following his conviction and sentencing, the state public defender appointed postconviction/appellate counsel for Hamilton. On appeal, Hamilton's appointed counsel filed a "no merit" report. However, Hamilton then chose to represent himself on appeal. The Wisconsin Court of Appeals granted Hamilton's motion to proceed pro se, dismissed the appeal in which appointed counsel had filed the no-merit report, and granted Hamilton additional time to return to the trial court and commence new postconviction proceedings.

After the state trial court denied Hamilton's pro se postconviction motions, Hamilton commenced his direct appeal in the Wisconsin Court of Appeals. On January 8, 2008, that court issued an opinion affirming Hamilton's convictions. Hamilton then petitioned for review in the Wisconsin Supreme Court, and that court denied review on June 10, 2008. Hamilton timely filed his habeas petition in this court on November 24, 2008.

## II. RENEWED MOTION TO APPOINT COUNSEL

After Hamilton filed his briefs in support of his petition, he filed a motion renewing his request for appointed counsel. In an order dated March 20, 2009, I denied Hamilton's first request for appointed counsel on the ground that he had not attempted to secure counsel on his own. Since that time, Hamilton has made reasonable attempts to secure counsel, and those attempts have been unsuccessful. Thus, before turning to the merits of Hamilton's claims, I will reconsider his request for appointed counsel.

Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

As noted, Hamilton has made a reasonable attempt to secure counsel, and thus the remaining question is whether Hamilton is competent to litigate the case in light of its

2

Case 2:08-cv-01007-LA   Filed 03/09/10   Page 2 of 13   Document 36

difficulty. I conclude that he is. Although this case is somewhat complicated due to the procedural technicalities of federal habeas practice at issue (e.g., procedural default), Hamilton has coherently presented his claims to the court in his briefs. To be sure, Hamilton's briefs are not as effective as an attorney's might have been, but they sufficiently communicate the basic facts and legal issues. Further, I have gone beyond Hamilton's briefs and supplemented some of his legal analysis with my own research. Finally, because this is a habeas case challenging a state-court conviction, I have the state-court record at hand and have used it to supplement the facts presented in Hamilton's briefs. I thus find that given the difficulty of this case, Hamilton is competent to litigate it. The presence of counsel likely would not have made a difference in the outcome. Hamilton's renewed motion for appointed counsel is therefore denied.

### III. STANDARD OF REVIEW

A petition for a writ of habeas corpus under § 2254 raises the question of whether a state is holding the petitioner in custody unconstitutionally. Even if a petitioner's custody offends the Constitution, however, Congress has circumscribed the authority of federal courts to grant the writ. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may issue the writ only if the decision of the last state court to examine the merits of the petitioner's claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). In assessing the reasonableness of the state court's decision, the federal court

must assume that the state courts' factual determinations were correct unless the defendant rebuts them with clear and convincing evidence. Id. § 2254(e)(1).

A state court decision is "contrary to" federal law if the state court either incorrectly laid out governing United States Supreme Court precedent, or, having identified the correct rule of law, decided a case differently than a materially factually indistinguishable Supreme Court case." Ellison v. Acevedo, 593 F.3d 625, 632 (7th Cir. 2010). An "unreasonable application" of Supreme Court precedent occurs when "the state court identifies the correct governing legal rule but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000).

## IV. DISCUSSION

Hamilton raises several claims, which I address sequentially. He first argues that the trial court did not conduct a proper plea colloquy when it accepted his guilty plea, and that therefore his guilty plea and associated waiver of his constitutional rights was not effective. See, e.g., Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). In particular, Hamilton argues that the trial judge did not accurately explain the maximum penalties that he faced for each crime and did not inform Hamilton that he was not bound by the plea agreement. Hamilton states that he thought that by pleading guilty he would receive no more than fifteen years' imprisonment. Hamilton also argues that the judge improperly

4

inserted himself into the plea negotiations, and that his trial counsel misled and coerced him into pleading guilty.

The state court of appeals addressed these issues as follows:

> Hamilton separately argues that alleged deficiencies in the plea colloquy show that his plea was coerced. He asserts that he did not understand the consequences of his plea, he was confused about the options, and he did not understand the role of the court. Hamilton, however, did not challenge his plea colloquy in the circuit court and, therefore, the issue is waived. Moreover, the record belies his assertions.
>
> The record shows that the court conducted a very thorough plea colloquy with Hamilton. The court asked Hamilton all of the appropriate questions. The court explained to him the potential term of imprisonment for each count, as well as his total potential maximum sentence. The court also explained that it was not bound by the plea agreement. Hamilton answered that he understood. On the occasions when Hamilton stated he did not understand a particular question or issue, the court carefully explained the question or issue to him. Further, Hamilton stated that his attorney had done a good job for him, and the record shows that his counsel negotiated a favorable plea agreement.
>
> While Hamilton now argues that his counsel misled him, the statements Hamilton attributes to his counsel about the evidence against him and his potential prison exposure were not misleading, but true. Hamilton also asserts that his counsel told him he would get fifteen years in prison. The transcript of the plea hearing shows that the State said that as part of the plea agreement, it would recommend a total of thirty-nine years in prison, with twenty-years of initial confinement and nineteen years of extended supervision. Hamilton was present when this was put on the record. The record also shows that the circuit court asked Hamilton if he understood that the court was not bound by the plea agreement and could impose whatever sentence it thought was appropriate. Hamilton answered: "Yes." The record establishes that Hamilton knowingly, intelligently, and voluntarily entered his plea, and Hamilton has not alleged any facts that would support his claim that his counsel coerced him into entering his plea, or that the plea colloquy was deficient. We reject all of the claims Hamilton makes on this basis.
>
> . . . .
>
> Hamilton also argues that the court became involved in the plea negotiations. Hamilton offers nothing to support his assertion that the circuit

> court participated in the negotiations, and there is nothing in the record that suggests this occurred. We reject this argument.

(Answer Ex. I ¶¶ 10-12, 18 (citation and footnote omitted).)

The state court's first ground for rejecting these claims was waiver based on Hamilton's failure to properly raise them in a postconviction motion in the trial court. This finding of waiver is an independent and adequate state ground that bars my review of the merits of Hamilton's claims – in other words, Hamilton has procedurally defaulted these claims. See, e.g., Woods v. Schwartz, 589 F.3d 368, 373 (7th Cir. 2009). However, as an alternative basis for its decision, the state court also resolved these claims on their merits, and thus I will also consider their merits.

I find that the court's merits-based decision was not contrary to or an unreasonable application of clearly established Supreme Court precedent. Nor was the state court's decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Having reviewed the transcript of Hamilton's plea hearing and other pertinent parts of the record, I concur with the state court's analysis of these issues. Because the state court's analysis is straightforward and reproduced above, I will not add anything further.

Hamilton next argues that the trial judge abused its discretion in sentencing him to concurrent rather than consecutive sentences. However, whether the trial court properly exercised its sentencing discretion is a matter of state law rather than federal law. As such, it is not a proper basis for habeas relief. See, e.g., Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004) (errors of state law are not cognizable on habeas review).

Hamilton next asserts that his trial counsel was ineffective because he failed to review discovery materials, lied to Hamilton, and failed to file pertinent pretrial motions. The state court addressed these issues as follows:

> Hamilton first argues that he received ineffective assistance of trial counsel, and that the circuit court erred when it did not provide him with a Machner hearing on his claims [i.e., an evidentiary hearing at which the trial court investigates the claim of ineffective assistance of trial counsel, State v. Machner, 92 Wis. 2d 797 (Ct. App. 1979)]. We review an order of the circuit court denying a request for an evidentiary hearing using a two-part test. State v. Bentley, 201 Wis. 2d 303, 309-10 (1996).
>
> > If the motion on its face alleges facts which would entitle the defendant to relief, the circuit court has no discretion and must hold an evidentiary hearing. Whether a motion alleges facts which, if true, would entitle a defendant to relief is a question that we review de novo.
>
> Id. at 310 (citation omitted). If the motion does not allege sufficient facts, however, "the circuit court has the discretion to deny a postconviction motion without a hearing based on one of the three factors . . . ." Id. at 310-11 (citing Nelson v. State, 54 Wis. 2d 489 (1972)). Under the Nelson factors, a circuit court may refuse to hold an evidentiary hearing if a defendant does not allege sufficient facts in his or her motion, presents only conclusory allegations, or if the record "conclusively demonstrates that the defendant is not entitled to relief . . . ." Id. at 309-10 (citations omitted). We review the court's determination for the erroneous exercise of discretion. Id. at 311.
>
> To establish an ineffective assistance of counsel claim, a defendant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A reviewing court may dispose of a claim of ineffective assistance of counsel on either ground. Id. at 697. If this court concludes that the defendant has failed to prove one prong, we need not address the other prong. Id. To demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome.
>
> Hamilton argues that his trial counsel was ineffective because he either did not read any of the "discovery material," or he gave false information to Hamilton. The circuit court denied Hamilton's first motion for

7

> postconviction relief on this ground because Hamilton failed to "provide the court with any inkling of what information counsel gave him or how the discovery materials were at odds with the information provided to him by counsel." The court concluded that Hamilton's claim was "wholly conclusory" and he was not entitled to a <u>Machner</u> hearing. Hamilton renewed this issue in his supplemental motion and made some additional statements. The circuit court found that the statements were still conclusory and that the court remained "entirely in the dark" about his specific claims. We conclude that the circuit court properly found that the statements were conclusory, and that Hamilton was not entitled to a hearing.
>
> Hamilton also argued to the postconviction court that his trial counsel failed to file pretrial motions. Again, the court found that Hamilton's claims were conclusory because he did not identify the factual or legal basis for these motions. His argument to this court is similarly conclusory. Hamilton argues that counsel should have filed a demand for discovery and should have created a record. He further says that had counsel filed such a demand, he then would have discovered the need to file a motion to dismiss or suppress evidence. Hamilton does not explain the specific legal issues or the specific facts that would support these motions. Hamilton also states that counsel should have created a record in this case, and suggests that there was some sort of conflict of interest. Hamilton has again not identified the factual basis for a conflict of interest. We agree that Hamilton is not entitled to a <u>Machner</u> hearing based on these conclusory allegations.

(Answer Ex. I ¶¶ 5-8 (footnote omitted).)

As the above excerpt reveals, the state court disposed of Hamilton's ineffective assistance of trial counsel claims by concluding that he had failed to properly develop them in his postconviction motions filed with the trial court. Thus, the state court did not resolve Hamilton's ineffective-assistance claims on their merits, but on the basis of a state procedural rule that allows such claims to be dismissed without a hearing if the motion asserting the claims relies on "conclusory allegations." <u>State v. Bentley</u>, 201 Wis. 2d at 313. This is an independent and adequate state ground for the state court's decision – i.e., another procedural default. <u>Szabo v. Walls</u>, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the

8

right way, and at the right time – as state rules define those courts, ways, and times.").[1] Therefore, I cannot reach the merits of Hamilton's federal claims unless Hamilton can demonstrate both cause for and prejudice from the failure to comply with the state procedural rule, or that a miscarriage of justice will occur if I do not consider his claims. Woods, 589 F.3d at 373.

Hamilton has not formally attempted to show cause for his failure to comply with the state procedural rule or that a miscarriage of justice will occur if I do not consider the merits of his ineffective-assistance claims. But Hamilton does argue that his appellate counsel was ineffective in not raising trial counsel's alleged errors during the state postconviction proceedings, and "[a]ttorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default." Smith v. Gaetz, 565 F.3d 346, 352 (7th Cir. 2009) (internal quotation marks omitted). However, Hamilton's procedural default did not occur until after he had elected to handle his appeal pro se. Thus, by the time of the procedural default, Hamilton had waived his right to counsel on appeal.[2] Because he elected to

---

[1] I note that decisions rejecting ineffective-assistance claims pursuant to State v. Bentley will not always rest on an independent and adequate state ground. One of the grounds for denying a hearing under Bentley is that the facts pleaded by the defendant show that he is not entitled to relief under Strickland and its progeny. In some cases, the state court may need to interpret and apply Strickland and other federal legal principles when determining whether the facts alleged, if true, would constitute a viable ineffective-assistance claim. This would be a decision on the merits of the federal claim. However, as applied to this case, the Bentley rule operates in a purely procedural manner, inasmuch as it states that an ineffective-assistance claim can be dismissed if the defendant fails to present it "in the right way," Szabo, 313 F.3d at 395 – i.e., in a postconviction motion containing more than merely conclusory allegations.

[2] The state court of appeals found that Hamilton had knowingly and intelligently waived his right to counsel on appeal. In its order of February 21, 2006, the court found that Hamilton wished to proceed pro se and that he understood the difficulties and responsibilities of representing himself and that the state public defender would not appoint

9

proceed pro se during the state postconviction proceedings, Hamilton cannot now rely on ineffective assistance of counsel as cause for his procedural default. Further, I see no other cause to excuse his default, and the record does not show that a miscarriage of justice would occur if the default is not excused. Therefore, Hamilton's ineffective-assistance claims will be dismissed.

Hamilton next argues that there was insufficient evidence to convict him. The state court rejected this claim on the ground that Hamilton pleaded guilty and therefore waived his right to challenge the sufficiency of the evidence. This conclusion is not contrary to or an unreasonable application of clearly established federal law as interpreted by the Supreme Court.

Hamilton makes additional arguments concerning evidentiary issues, which the state court viewed through the lens of ineffective assistance of counsel and disposed of as follows:

> [Hamilton] argues that statements made by his co-defendants to the police, and on which the criminal complaint was based, contain falsehoods and inconsistencies. He also argues that the identification of him by one of the victims was invalid and hence inadmissible. Hamilton is, in essence, arguing that his trial attorney was ineffective for not challenging these statements and the identification.
>
> Hamilton's arguments on both points are difficult to understand and not supported by pertinent legal authority. He asserts, without citation to the record, that in one of the statements, his co-defendant identified both him and another person as being the perpetrator before ultimately identifying Hamilton. He does not explain, however, why he believes this makes the statement invalid. He also quotes a statement from the police report in which one of the victims identified him. In that quoted statement, the victim's husband was not able to identify him, but the victim was. He then states that the identification was invalid, again without explaining why. We will not

---

new counsel for him in the event that he later changed his mind. (Answer Ex. C.)

> decide issues that are not, or are inadequately, briefed. See State v. Pettit, 171 Wis. 2d 627, 646-47 (Ct. App. 1992). Hamilton has not supported his assertion that his trial counsel was ineffective for not challenging the statements and identification.

(Answer Ex. I ¶¶ 19-20.)

Once again, the court disposed of the claim on state procedural grounds, this time forfeiture as a result of Hamilton's failure to adequately brief the ineffective-assistance claim. This is an independent and adequate state ground, and therefore Hamilton has procedurally defaulted this claim. Szabo, 313 F.3d at 395. Further, I see no cause to excuse this default, and the record does not show that a miscarriage of justice would occur if the default is not excused. Therefore, the evidentiary issues raised by Hamilton do not support habeas relief.

Because none of the issues raised by Hamilton in his petition support habeas relief, Hamilton's petition will be dismissed.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, I must consider whether to issue a certificate of appealability. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

11

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Where a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In the present case, I dismissed some of Hamilton's claims on their merits and some of his claims on procedural grounds. However, I do not think that either my procedural rulings or my rulings on the merits are wrong or debatable among jurists of reason. Therefore, petitioner has not made a substantial showing of the denial of a constitutional right, and I will not issue a certificate of appealability.

## VI. CONCLUSION

**THEREFORE, IT IS ORDERED** that the petition is **DISMISSED**.

**IT IS FURTHER ORDERED** that Hamilton's motion to appoint counsel is **DENIED**.

**IT IS FURTHER ORDERED** that Hamilton's motion to terminate respondent's right to oppose Hamilton's brief is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**FINALLY, IT IS ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9 day of March, 2010.

/s_____
LYNN ADELMAN
District Judge